UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61586-CIV-MOORE/MCALILEY

MARIA ROZO, LUDMILLA MANASSE,
and other similarly situated,

    Plaintiffs,

v.

PERFECT MULTI, LLC, et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Verified Motion for Attorneys' Fees & Costs. [DE 70]. This matter was referred to me by the Honorable K. Michael Moore. [DE 71]. Defendants have not filed a response to the motion. For the reasons set forth below, I recommend that the motion be granted.

**I.    Entitlement**

Plaintiffs Maria Rozo and Ludmilla Manesse brought suit against Defendants under the Fair Labor Standards Act (FLSA). [DE 1]. On May 31, 2015, the Court entered default judgment against Defendants on all counts and awarded Plaintiff Rozo $21,400.96 in damages, and Plaintiff Manasse $18,143.68 in damages. [DE 72]. The default judgment also provides that Plaintiffs are entitled to recover reasonable attorney's fees and

1

costs. [*Id.* at p. 2].[1]  Thus, the only issue remaining for resolution is the amount of the recovery.

## II.  Amount of Recovery

Plaintiffs seek to recover $14,420.00 in attorneys' fees and $1,074.65 in costs, incurred in bringing this action. [DE 70, pp. 7-8].

### A.  Attorneys' fees

Under federal common law, the starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate, resulting in a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

#### 1.  A reasonable hourly rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Plaintiffs seek an hourly rate of $350.00 for attorney, Charles Eiss, and an hourly rate of $200.00 for attorney Lindsay Massillon. [DE 70, p. 4].  Plaintiffs have the burden of supplying the Court with sufficient information about their attorneys to support the hourly rates requested. *Norman*, 836 F.2d at 1303.

---

[1] The FLSA provides for the recovery of attorneys' fees by a prevailing plaintiff. 29 U.S.C. § 216(b).  An award of attorneys' fees and costs under § 216(b) is mandatory; if the plaintiff prevailed, as he did here, the Court must award fees and costs. *Salerno v. Bouchelle Island Development Corp.*, No. 6:05-cv-1841-Orl-31DAB, 2007 WL 113983, * 2 (M.D. Fla. Jan. 10, 2007).

Charles Eiss has been practicing in the area of labor and employment law for approximately 15 years, and over 90% of his practice consists of employment matters. [DE 70, p. 5]. Mr. Eiss has been awarded fees at the rate of $350.00 an hour in prior cases. [*Id.* at p. 4]. Lindsay Massillon is a 2011 law school graduate who has been practicing at Mr. Eiss' firm for over three years. [*Id.* at p. 5]. Considering this information, and relying upon the Court's own judgment and expertise, I find that $350.00 is a reasonable hourly rate for Mr. Eiss, and $200 is a reasonable hourly rate for Ms. Massillon. *See Norman*, 836 F.2d at 1303 (the court may consider its own knowledge and expertise concerning reasonable and proper fees).

## 2. Hours reasonably expended

The second half of the lodestar equation is the hours reasonably expended. Plaintiffs are seeking to recover for a total of 50.5 hours: 28.8 incurred by Mr. Eiss, and 21.7 incurred by Ms. Massillon. [DE 70, p. 7]. The moving party bears the burden of providing the court with sufficiently detailed records, so that the court can assess the reasonableness of the time claimed for each activity. *Norman*, 836 F.2d at 1303. In seeking its fees, the movant must exercise "billing judgment," meaning it must exclude hours that would unreasonable to bill a client, and therefore one's adversary. *Id.* at 1301. Additionally, the Court must exercise its own judgment in evaluating a claim for fees. Id. at 1301-2.

Applying this standard, I have carefully reviewed the billing records, and the record in this action, and I find that the hours sought by Plaintiffs were reasonably expended in

3

litigating this action.

### B. Costs

Just as with the attorneys' fees, Plaintiffs are entitled to recover their costs pursuant to the FLSA. 29 U.S.C. § 216(b) (providing for the recovery of "costs of the action."). Plaintiffs seek to recover a total of $1,074.65 in costs, consisting of: (1) $400.00 in fees of the clerk for the filing fee; (2) $80.00 in costs for service of complaint; (3) $240.00 for the court reporter appearance for deposition of Defendant Charles; and (4) $354.65 for the transcript of Charles' deposition. [DE 70, p. 8]. Plaintiffs attached invoices to support the amounts sought in connection with the Charles deposition. [DE 70-3].

I find that the fees of the clerk and the costs of serving the two Defendants are reasonable on their face, and recommend that Plaintiffs be allowed to recover them.[2] As for the remaining costs, Plaintiffs have provided sufficient information to show that the amounts sought are reasonable. Therefore, I recommend that Plaintiffs recover $1,074.65 in costs.

### III. Recommendation and Order

Based on the forgoing, I RESPECTFULLY RECOMMEND that:

Plaintiff's Verified Motion for Attorneys' Fees & Costs [DE 70], be **GRANTED**

---

[2] The amount recoverable under § 1920 for service of process at that time - $55 per hour - is presumptively reasonable. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (under 28 U.S.C. § 1920(1), generally the fee for service of process may not exceed the statutory fee fixed by 28 U.S.C. § 1921 for the cost of service by the U.S. Marshals); 28 C.F.R. 0.114(a)(3) (setting the rate for service by the U.S. Marshals in October 2013 at $55 per hour or portion of an hour). Plaintiffs here ask to recover less than that amount i.e., $40.00 for service of process on each Defendant.

and that Plaintiffs be awarded $14,420.00 in attorneys' fees and $1,074.65 in costs, against Defendants, jointly and severally.

## IV. Objections

The parties may file written objections to this Report and Recommendation with the Honorable K Michael Moore within fourteen days of the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 31st day of July, 2015.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable K. Michael Moore
Counsel of record